IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WILLIAM D. LAMB, | Case No. 3:21-cv-01059-JR |
| Petitioner, | OPINION AND ORDER |
| v. | |
| DEWAYNE HENDRIX, Warden, FCI Sheridan, | |
| Respondent. | |

Russo, Magistrate Judge:

Petitioner William Lamb brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons' (BOP) decision denying him early release eligibility upon completion of a Residential Drug Abuse Program (RDAP) is unconstitutional. Respondent DeWayne Hendrix contends that petitioner's claims were denied in a BOP decision entitled to deference. For the reasons stated below, the petition is denied, and this case is dismissed.

Page 1 – OPINION AND ORDER

## BACKGROUND

On March 14, 2006, petitioner was convicted in the United States District Court for the District of Nebraska on charges of Conspiracy to Distribute and Possession with Intent to Distribute Methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 846. Morales Decl. Ex. A, at 2 (doc. 9-1). The trial court imposed a 312-month term of imprisonment and later reduced petitioner's sentence to a 244-month term of imprisonment to run concurrent to an undischarged state sentence, followed by 5 years of supervised release. *Id*. Petitioner received a two-point Special Offense Characteristic enhancement "for possession of a dangerous weapon (knife)." Morales Dec. ¶ 5d (doc. 9); Morales Dec. Ex. C, at 9 (doc. 9-3). Petitioner is currently incarcerated at FCI Sheridan. Morales Decl. ¶ 4b (doc. 9). He has a projected release date of May 11, 2023. Morales Decl. Ex. A, at 4 (doc. 9-1).

On July 15, 2021, petitioner filed a writ of habeas corpus petition challenging the BOP's decision to deny him early release after he successfully completed RDAP.

## LEGAL STANDARDS

Under 28 U.S.C. § 2241, a district court may grant habeas relief when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 432 U.S. 19, 21 (1975) (citing 28 U.S.C. § 2231).

## DISCUSSION

Petitioner argues the BOP improperly denied him early release eligibility after completing RDAP due to his prior conviction related to the possession of a knife. Pet'r's Writ Habeas Corpus 1-2 (doc. 1). In addition, petitioner argues 28 C.F.R. § 550.55(b)(5)(ii) (and, by extension, 28

C.F.R. § 550.55(b)(6)) violate the Administrative Procedures Act (APA) and that a knife does not constitute a dangerous weapon. *Id.* at 7-8. By way of remedy, petitioner requests the Court issue a Writ of Habeas Corpus under 28 U.S.C. § 2241, and grant his early release. *Id.*

Respondent argues the Court does not have jurisdiction to review BOP's decision regarding petitioner's early release eligibility and that the BOP did not abuse its discretion in determining that "[p]etitioner's knife possession precludes early release." Resp't's Answer 2 (doc. 8).

Under 18 U.S.C. § 3625, Congress barred federal courts from reviewing BOP's individualized RDAP decisions. *See* 18 U.S.C. § 3625; *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). In *Reeb*, the Ninth Circuit explained the effect of § 3625 in the context of the BOP's determination of an inmate's eligibility for participation in RDAP:

> There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of the this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701-706, do not apply to "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621-3624 . . . Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court.

*Reeb*, 636 F.3d at 1227.

Here, BOP's decision to deny petitioner early release eligibility is a substantive decision pursuant to 18 U.S.C. § 3621(e), and thus not subject to juridical review. *Id.* at 1227-29 (district court lacked jurisdiction to review BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621); *see also Johnson v. Thomas*, 2010 WL 2574090, *3-6 (D. Or. June 24, 2010) (reviewing the APA, 18 U.S.C. § 3625, and case law to determine the court lacked jurisdiction to review a § 2241 writ of habeas corpus under analogous circumstances). Therefore, petitioner is not entitled to habeas corpus relief.

Even assuming jurisdiction existed, plaintiff's argument that 28 C.F.R. § 550.55(b)(5)(ii) and 28 C.F.R. § 550.55(b)(6) excludes knives as "dangerous weapons" fails as a matter of law.

Page 3 – OPINION AND ORDER

Under 18 U.S.C. § 3621(e)(2)(B), Congress authorized the BOP to reduce the prison term for up to one year of any nonviolent offender if they completed RDAP. BOP's implementing regulations, 28 C.F.R. § 550.55(b)(5)(ii) and 28 C.F.R. § 550.55(b)(6), list categories of inmates who are not eligible for early release at the discretion of the director, including inmates with "a current felony conviction for . . . [a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon."

The Supreme Court upheld the validity of these regulations in *Lopez v. Davis*, 531 U.S. 230 (2001). In *Lopez*, the petitioner urged that § 3621(e)(2)(B) barred BOP from identifying classes of inmates ineligible for early release. *Id.* at 239. However, the Supreme Court concluded that BOP "may exclude inmates either categorically or on a case-by-case basis, subject of to its obligation to interpret the statute *reasonably*. . . in a manner that is not arbitrary or capricious." *Id.* at 240 (emphasis added). Because a sentence reduction associated with the successful completion of drug treatment program was available only for conviction of a nonviolent offense, the Supreme Court concluded that the BOP's denial of early release to an inmate who had involvement with firearms in connection with the commission of a felony was reasonable. *Id.* at 240-45.

Here, § 550.55(b)(5)(ii) specifically employs the term "firearm or other dangerous weapon." Contrary to plaintiff's assertion, the regulation does not apply exclusively to firearms. Indeed, the term "dangerous weapon" is commonly understood to mean any item that can cause "serious bodily injury" and includes knives with blades greater than "2½ inches in length." *See, e.g.*, 18 U.S.C. § 930(g)(2); *see also Weapon, Black's Law Dictionary* (11th ed. 2019). *Lopez* indicates the BOP has authority to foreclose early release eligibility for inmates with a current felony conviction including an offense for carrying or possessing a dangerous weapon. *See Mei v. Salazar*, 2020 WL 6552071, *2 (D. Or. Sept. 10, 2020) (rejecting the petitioner's argument that

Page 4 – OPINION AND ORDER

28 C.F.R. § 550.55(b)(5)(ii) was unconstitutionally vague, explaining "it is not the province of a district court to overrule U.S. Supreme Court precedent" – i.e., *Lopez* – "or that of the Ninth Circuit").

Moreover, the record unambiguously reflects that petitioner "was assessed a 2-pt. [sentencing] enhancement for possession of a dangerous weapon (knife)." Morales Decl. Ex. C, at 10 (doc. 9-3). Thus, BOP did not abuse its discretion by denying petitioner early release.

## CONCLUSION

Petitioner's Petition for Writ of Habeas Corpus (doc. 1) is DENIED and this case is DISMISSED with prejudice. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 31st day of March, 2022.

                    /s/ Jolie A. Russo
                      Jolie A. Russo
             United States Magistrate Judge